# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YVETTE RODRIGUEZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LOUIS DEJOY, U.S. POSTMASTER | : | |
| GENERAL and U.S. POST OFFICE | : | NO. 20-5496 |

## Memorandum Opinion

**Savage, J.**                                                                                    **December 29, 2020**

This employment discrimination action brought under Title VII and the Rehabilitation Act arises out of plaintiff Yvette Rodriguez's employment with the U.S. Postal Service in Saylorsburg, Pennsylvania. Defendant Louis DeJoy, U.S Postmaster General, has moved to transfer the action to the District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1406(a). Rodriguez has not opposed the motion.

Because venue is improper in this district and proper only in the Middle District under Title VII and the Rehabilitation Act's exclusive venue provision, we shall grant the motion and transfer the case.

## Discussion

Plaintiff Yvette Rodriguez is employed as a Full-Time Career Regular Rural Carrier at the U.S. Post Office located in Saylorsburg, Pennsylvania.[1] She lives in Brodheadsville, Pennsylvania.[2]

---

[1] Compl. at ¶¶ 5, 10 (ECF No. 1).

[2] *Id.* at ¶ 3.

Rodriguez alleges that she was discriminated against due to her race, national origin and perceived disability.[3] Her claims arise out of her employment at the post office in Saylorsburg where the alleged discrimination occurred.[4]

Under 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or in the interest of justice, transfer such case to any district or division in which it could have been brought." The defendant moving to dismiss under § 1406(a) has the burden of establishing affirmatively that venue is improper. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) ("The burden of establishing the need for transfer . . . rests with the movant") (citations omitted). Transfer or dismissal under § 1406(a) can be granted only where original venue is improper. *Id.* at 878.

Title VII contains an exclusive venue provision. Under 42 U.S.C. § 2000e-5(f)(3), a plaintiff may only bring a Title VII claim in a district where: (1) the allegedly unlawful employment practice was committed; (2) the relevant employment records are maintained and administered; (3) the plaintiff would have worked but for the allegedly unlawful employment practice; or (4) if none of these conditions applies, where the defendant's principal office is situated. Title VII's exclusive venue provision is incorporated into and governs claims under the Rehabilitation Act. *See* 29 U.S.C. § 794a-(a)(1).

Venue is proper in the Middle District of Pennsylvania and improper in this district. The events giving rise to Rodriguez's claims occurred in Saylorsburg, Pennsylvania,

---

[3] *Id.* at ¶¶ 11, 14-20.

[4] *Id.* at ¶¶ 15, 16, 17, 18, 19, 20.

which is located in the Middle District. Her employment records and any witnesses are located there. She lives and continues to work at the post office in that district.

When venue is improper, the district court can either dismiss the case or transfer it to a district in which it could have originally been brought. 28 U.S.C. § 1406(a). Rodriguez could have originally brought her claims in the Middle District. She lives and works in the Middle District. The alleged discrimination occurred there. Her employment records are there.

The interests of justice are better served by transferring this action rather than dismissing it. Therefore, we shall grant the defendant's unopposed motion and transfer this action to the Middle District of Pennsylvania.